UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LANARIUS TRAVELL HODGES,

        Petitioner,

  v.                                     Case No. 22-cv-1215-pp

DAN CROMWELL,[1]

        Respondent.

**ORDER SCREENING *HABEAS* PETITION (DKT. NO. 1)**

On October 14, 2022, the petitioner, who is currently incarcerated at Redgranite Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2015 conviction in Milwaukee County for first-degree reckless endangerment; endangering safety by discharging a weapon into a building; and possession of a firearm by a delinquent. Dkt. No. 1. He has paid the $5.00 filing fee. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. Because it does not plainly appear from the face of the petition that the petitioner is not entitled to relief, the court will order the respondent to answer or otherwise respond.

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[f]if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody. The petitioner is incarcerated at Redgranite Correctional Institution. https://appsdoc.wi.gov/lop/home.do. This order reflects Warden Dan Cromwell as the respondent.

## I. Background

The petition refers to State v. Hodges, Milwaukee County Case No. 2014CF005055 (available at https://wcca.wicourts.gov/). Dkt. No. 1 at 1. The court has reviewed the publicly available docket for that case. It indicates that on November 6, 2013, the State filed a criminal complaint against the petitioner. Id. On April 30, 2015, a jury found the petitioner guilty of first-degree recklessly endangering safety with the use of a dangerous weapon; possession of a firearm by a person adjudicated delinquent; and reckless use of a firearm. Id. On August 13, 2015, the state court sentenced the petitioner to thirteen years of initial confinement followed by eleven years of extended supervision. Id. The court entered judgment on September 1, 2015. Id.

On September 24, 2019, the circuit court denied the petitioner's motion for postconviction relief. Id.; dkt. no. 1-1 at 6-12. On February 1, 2022, the court of appeals affirmed that judgment. Id.; dkt. no. 1-1 at 13-26. On June 22, 2022, the Wisconsin Supreme Court denied the petition for review. Id.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the

petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed for federal *habeas* relief within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a person incarcerated due to a state-court judgment must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the incarcerated person must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court still may be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  Analysis

The petition raises four grounds for relief: (1) the petitioner was denied his Sixth Amendment right to effective assistance of trial counsel; (2) the petitioner's Sixth and Fourteenth Amendment rights to present a complete defense based on newly discovered evidence were violated; (3) the denial of an evidentiary hearing on the petitioner's claim of ineffective assistance of counsel stemmed from unreasonable applications of both federal and state law; and (4) the post-conviction court violated the petitioner's due process rights by finding the new evidence not credible. Id. at 5-10.

In ground one, the petitioner asserts that his trial lawyer did not present a defense or a rebuttal, did not file a defense witness list and did not call any witnesses from a previous defense lawyer's witness list (which the petitioner had approved); the petitioner asserts that defense counsel's sole defense was to challenge the State's evidence and argue that it had failed to meet its burden of proof on the identification issue. Dkt. No. 1 at 5; Dkt. No. 1-1 at 2. He explains that although his trial lawyer argued that identification was the key issue in the case, the lawyer did not investigate and present eyewitnesses and alibi witnesses, despite the fact that the petitioner had asked him to do so. Dkt. No. 1-1 at 2. The petitioner also argues that his trial counsel was ineffective because he did not impeach Sgt. Murphy, who testified at trial about a latent palm print, by pointing out that a lab report indicated that the palm print had been found in a location contrary to Murphy's testimony. Id. Ground one states a claim cognizable on federal *habeas* review. See Edmonds v. United States, 899 F.3d 446, 452 (7th Cir. 2018) (considering an ineffective assistance of counsel claim on *habeas* review).

4

In ground two, the petitioner asserts that after he was convicted, he obtained new evidence from three witnesses—Joshua Buford, Raquel Hollingsworth and Ronald Griffin. Dkt. No. 1 at 7. The petitioner says he sought a new trial based on these witnesses, whose testimony he believes would have exculpated him. Id. He says that he asked his trial lawyer to investigate Buford, but that his lawyer did not do so. Id. He asserts that he specifically asked his trial lawyer to investigate Hollingsworth, but that again, the lawyer did not do so. Dkt. No. 1-1 at 2. He asserts that post-conviction, he himself discovered witness Ronald Griffin through his own investigation and that of a private investigator, implying that his trial lawyer should have done so. Id. These assertions amount to claim of ineffective assistance of post-conviction counsel (in this case, the same lawyer that represented the petitioner at trial), a claim that also is cognizable on federal *habeas* review. See Minnick v. Winkleski, 15 F.4th 460, 470-71 (7th Cir. 2021) (analyzing a claim for ineffective assistance of postconviction counsel on *habeas* review).

In ground three, the petitioner says that he specified (presumably to the post-conviction court) how his trial counsel was ineffective—failing to investigate alibi witnesses and failing to investigate eyewitnesses to the shooting. Dkt. No. 1 at 8. The petitioner says he argued that it was necessary for the court to develop the record regarding how much investigation and identification of potential witnesses his trial counsel did, and that an evidentiary hearing was necessary for the court to make that determination. Id. He maintains that an evidentiary hearing was necessary for the court to determine what the alibi witnesses and eyewitnesses would have said, again asserting that their testimony would have refuted, contradicted or impeached the State's evidence. Dkt. No. 1-1 at 4.

5

Ground three does not state a claim for relief that is cognizable on federal *habeas* review. The petitioner argues that the state court unreasonably applied state and federal law when it denied him an evidentiary hearing on his post-conviction claim of ineffective assistance of counsel. Dkt. No. 1 at 8. As to the petitioner's claim that the state court unreasonably applied *state* law in declining to hold an evidentiary hearing, "[e]rrors of state law in and of themselves are not redressable in habeas corpus . . . ." Brown v. Eplett, 48 F.4th 543, 552 (7th Cir. 2022). That means that even if the state court did not correctly or reasonably apply Wisconsin law in deciding not to hold an evidentiary hearing, that decision is not subject to review by a federal *habeas* court.[2] Regarding the state postconviction court's application of *federal* law, "[i]t is well established that the Constitution does not guarantee any postconviction process, much less specific rights during a postconviction hearing." Flores-Ramirez v. Foster, 811 F.3d 861, 866 (7th Cir. 2016) (citing Murray v. Giarratano, 492 U.S. 1, 10 (1989)). "Unless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, errors in state collateral review cannot form the basis for federal habeas corpus relief." Id. (citations omitted). In Jones v. Butler, 778 F.3d 575, 586 (7th Cir. 2015), the Seventh Circuit agreed with the district court that a federal *habeas* petitioner's claim that the state court's refusal to grant him an evidentiary hearing on his post-conviction claim, even though couched as a federal due process claim, was actually a "challenge to [the] state court's interpretation of state law post-conviction procedures and therefore not

---

[2] Wisconsin's procedure for determining whether a postconviction motion alleges sufficient facts to entitle the movant to a hearing is stated in Wisconsin v. Allen, 274 Wis.2d 568 (Wis. 2004).

cognizable on habeas review." That is the case here—the petitioner challenges the state court's conclusion that under Wisconsin's standard for determining whether a post-conviction claim warrants an evidentiary hearing, the petitioner's claim did not warrant one. That interpretation of state law is not cognizable on federal *habeas* review. The court will dismiss ground three.[3]

The petitioner phrases ground four as follows: "[The petitioner's] due process rights were violated when judicial findings about the old vs. new evidence and the 'reasonable probability' standard stemmed from functions reserved solely for the jury." Dkt. No. 1 at 10. He asserts that the post-conviction court concluded that, "unlike the old evidence, the new evidence was not credible." Id. He says that based on this credibility determination, the court concluded that the new evidence would not have created a reasonable probability of a different result. Id. The petitioner states that "[d]iscretionary reversal is warranted because justice miscarried and the true controversy was not fully tried." Dkt. No. 1-1 at 1. He argues that in both the court of appeals and the Wisconsin Supreme Court, he argued that the denial of his request for a new trial constituted a constitutional error "because such judicial analyses and determinations, contrary to due process, usurped the Jury's role and invaded its territory." Id. at 5. He reiterated his belief that the new evidence created a reasonable probability that a new trial would have come out differently. Id.

---

[3] The petitioner also asserts that when viewed in combination with the "denial of [his] ineffectiveness claim for lack of the evidence which would be elicited during the denied hearing," the denial of the hearing "stemmed from compounded unreasonable applications of well established laws, state and federal." Dkt. No. 1-1 at 1. The court will allow the petitioner to proceed on his claim that his post-conviction counsel was ineffective, but he cannot bootstrap to that cognizable claim the ground three claim, which is not cognizable.

7

As best the court can tell, the petitioner is arguing that he had a Sixth Amendment right to have a jury decide whether the allegedly newly discovered testimony of Buford, Hollingsworth[4] and Griffin was credible—in other words, that he had a constitutional right to a new trial based on the allegedly newly discovered evidence. But "the refusal to grant a new trial on the basis of newly discovered evidence is not actionable in habeas corpus." Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir. 2003). The Supreme Court has held that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Townsend v. Sain, 372 U.S. 293, 317 (1963). "For claims based on newly discovered evidence to state a ground for federal habeas relief, they must relate to a constitutional violation independent of any claim of innocence." Johnson, 349 F.3d at 1039 (citing Herrera v. Collins, 506 U.S. 390 (1993)).

Further, the petitioner's argument that he had a Sixth Amendment right to have a jury consider the alleged newly discovered evidence is, like the petitioner's claim that the state court erred in failing to hold an evidentiary hearing, a challenge to Wisconsin's post-conviction procedure. Wis. Stat. §809.30 allows a criminal defendant to seek post-conviction relief. The procedure provides that the *circuit court* determines whether to grant or deny the motion, not a jury. Wis. Stat. §809.30(2)(i) ("[T]he circuit court shall determine by an order the person's motion for postconviction or postdeposition

---

[4] The Wisconsin Court of Appeals concluded that Buford was not "newly discovered evidence," because he'd been identified in discovery as an eyewitness and because the petitioner himself asserted that he asked his trial lawyer to investigate Buford prior to trial. Dkt. No. 1-1 at 21. It concluded that Hollingsworth's statements did not constitute "newly discovered evidence" because Hollingsworth said she was with the petitioner at the time of the shooting; if that was true, the petitioner would have known that, and would have known it well before trial. Id. at 22.

relief . . . ."). Neither the Supreme Court nor the Seventh Circuit has held that this procedure violates the Constitution. The petitioner appears to believe that the constitutional rights he enjoyed before and during his state criminal trial applied post-conviction, but many of the constitutional rights guaranteed to a state criminal defendant at the trial level do not apply at the post-conviction stage. States are not obligated to provide post-conviction procedures at all. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). A defendant does not have a constitutional right to counsel in a state post-conviction proceeding. Coleman v. Thompson, 501 U.S. 722 (1991). The First Circuit Court of Appeals has held that a defendant does not have a right to testify in person at post-conviction proceedings. Oken v. Warden, MSP, 233 F.3d 86, 93 (1st Cir. 2000).

Because the state court's refusal to grant the petitioner's post-conviction motion for a new trial is not cognizable on federal *habeas* review, and because the petitioner's argument that a jury, not the circuit court, should have determined the credibility of his newly-discover evidence is a challenge to the state court's interpretation of Wisconsin's post-conviction procedures and is not cognizable on federal *habeas* review, the court will dismiss ground four.

Without the benefit of examining the entire record, the court cannot say with certainty whether the petition was timely filed. Even if the petition were untimely filed, the limitation period is an affirmative defense; the state had the burden of showing that a petition was not timely filed and the court usually does not rule on the issue until it has had the input of all the parties. Gildon v. Bowen, 384 F.3d 883, 886 (7th Cir. 2004) (citing Acosta v. Artuz, 221 F.3d 117, 121-22 (2d Cir. 2000)).

Without the benefit of examining the entire record of the petitioner's post-conviction motions in the Wisconsin state courts, it also is premature for

9

the court to consider to whether the petitioner has properly exhausted his grounds for *habeas* relief. And again, any failure to exhaust would result in procedural default—an affirmative defense more appropriately raised and argued by the respondent. See Perruquet v. Briley, 390 F.3d 505, 517 (7th Cir. 2004). The court will allow the petitioner to proceed and order the respondent to answer or otherwise respond.

### III. Conclusion

The court **ORDERS** that the petitioner may proceed on grounds one and two of his *habeas* petition.

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Dan Cromwell is the correct respondent.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must send their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions must not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 23rd day of January, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**