UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LANARIUS TRAVELL HODGES,

        Petitioner,

  v.                                            Case No. 22-cv-1215-pp

CHRISTINE SUTER,[1]

        Respondent.

---

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS *HABEAS* PETITION (DKT. NO. 9), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

      On March 8, 2023, the petitioner, who is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2015 conviction in Milwaukee County Circuit Court for first-degree reckless endangerment, endangering safety by discharging a weapon into a building and possession of a firearm by a delinquent. Dkt. No. 1. The court screened the petition and determined that the petitioner could proceed on two of the four grounds stated in his petition. Dkt. No. 5. On March 23, 2023, the respondent filed a motion to dismiss, arguing that the petitioner had procedurally defaulted on the remaining grounds. Dkt. No. 9. The petitioner opposed the

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts states that if a petitioner is in custody under a state-court judgment, the petition must name as the respondent the state officer who has custody of the petitioner. The petitioner informed the court on February 12, 2024 that he had been transferred to Chippewa Valley Correctional Treatment Facility. Dkt. No. 15. The court has changed the caption to reflect that Christine Suter is the warden of Chippewa Valley Correctional Treatment Facility.

1

motion. Dkt. No. 12. The court will grant the respondent's motion, dismiss the petition and decline to issue a certificate of appealability.

**I.     Background**

    A.     State Case & Post-Conviction Proceedings

On April 30, 2015, a jury convicted the petitioner of first-degree recklessly endangering safety, discharging a firearm into a building endangering safety and possession of a firearm by a person adjudicated delinquent. Dkt. No. 10-1 at 1. The evidence the State presented at trial included a video that showed a man—alleged to be the petitioner—getting out of a car and firing several gunshots at individuals before running away. Dkt. No. 10-2 at 3. The State presented additional evidence, including cell phone tracking records that corroborated the petitioner's location during the day of the shooting. Id. at 4. The court sentenced the petitioner to thirteen years of initial confinement followed by eleven years of extended supervision. Dkt. No. 10-1 at 1. The court entered judgment against the petitioner on September 1, 2015. Id. at 2.

On February 20, 2019, the petitioner filed in the Milwaukee County Circuit Court a motion for post-conviction relief under Wis. Stat. §809.30(2)(h), alleging newly discovered evidence and ineffective assistance of counsel. Dkt. No. 10-3 at 1. The petitioner argued that two eyewitnesses and an alibi witness would have testified that the petitioner was not the shooter and was visiting his children during the time of the shooting. Id. at 5. The petitioner asserted that his trial counsel was ineffective because he failed to investigate these potential witnesses, even though one witness was identified in police reports as an eyewitness. Id. at 9. The petitioner also argued that his trial counsel was ineffective for not cross-examining one of the state's witnesses about the

location of the petitioner's palm print lifted from the shooter's car. Id. at 12. The officer testified that the petitioner's palm print was found on the driver's side of the car; the petitioner argued that it actually was lifted from the passenger's side. Id. at 12–13. The petitioner asserted that impeaching the officer's testimony would have led the jury to reject the primary physical evidence tying the petitioner to the shooting. Id. at 13.

The Milwaukee County Circuit Court denied the post-conviction motion on September 24, 2019.[2] Dkt. No. 10-4 at 81. The petitioner filed a motion for reconsideration of that decision, which the circuit court denied on April 20, 2020. Id. at 74. The petitioner appealed to the Wisconsin Court of Appeals both the original decision and the denial of the motion for reconsideration, also arguing that the circuit court erred by not holding an evidentiary hearing. Dkt. No. 10-4 at 11.

On February 1, 2022, the court of appeals affirmed the petitioner's conviction. Dkt. No. 10-2 at ¶1. The court cited State v. Allen, which states that if a motion for a new trial "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." Id. at ¶24 (quoting State v. Allen, 274 Wis. 2d 568, 576 (Wis. 2004)). The appellate court determined that two of the eyewitness statements were not newly discovered evidence because the petitioner knew of the witnesses prior to trial. Id. at ¶¶25–26. The court held that even if the third witness' statement constituted newly discovered evidence,

---

[2] The handwritten date on the circuit court's order is erroneously stated as September 24, 201**7**, but the Clerk of Court's stamp on the first page of the order reflects that it was filed on September 24, 2019. See Dkt. No. 10-4 at 75, 81.

3

there was not "a reasonable probability" that the new evidence would cause a jury to have a "reasonable doubt as to [the petitioner's] guilt" in the face of the other evidence presented at trial. Id. at ¶¶27–30 (citing State v. Avery, 345 Wis. 2d 407, 424–25 (Wis. Ct. App. 2013)). The court of appeals held that the circuit court did not commit error in not holding an evidentiary hearing on the newly discovered evidence claim. Id. at ¶30.

The court of appeals also found that the circuit court did not err by not holding an evidentiary hearing on the petitioner's ineffective assistance of counsel claims. Id. at ¶34. The court relied on Allen, which the court stated requires an evidentiary hearing only where "the defendant has alleged 'sufficient material facts that, if true, would entitle the defendant to relief.'" Id. at ¶33 (quoting Allen, 274 Wis. 2d 568 at ¶14). The court stated that the petitioner did not identify how his trial counsel would have known about the specific witnesses the petitioner identified in his post-conviction motion, because the petitioner did not allege that he had told his trial counsel the names of the witnesses. Id. at ¶34. The court also held that the petitioner did not establish that he was prejudiced because the additional eyewitness testimony "was not sufficient to undermine confidence in the outcome of the trial" given the other evidence presented at trial. Id. at ¶35.

The petitioner appealed to the Wisconsin Supreme Court, which denied his petition for review on June 22, 2022. Dkt. No. 10-5.

B. *Habeas* Petition (Dkt. No. 1)

The petitioner filed his federal *habeas* petition on October 14, 2022. Dkt. No. 1. The federal petition raised four grounds for relief: (1) the petitioner was denied his Sixth Amendment right to effective assistance of trial counsel; (2) the petitioner's Sixth and Fourteenth Amendment rights to present a complete

defense based on newly discovered evidence were violated; (3) the denial of an evidentiary hearing on the petitioner's claim of ineffective assistance of counsel stemmed from unreasonable applications of both federal and state law; and (4) the post-conviction court violated the petitioner's due process rights by finding the new evidence not credible. Id. at 5–10.

At screening, this court determined that ground three did not state a claim for relief because a state court's application of state law during post-conviction proceedings is not cognizable on federal *habeas* review. Dkt. No. 5 at 6–7. The court also dismissed ground four because "the state court's refusal to grant the petitioner's post-conviction motion for a new trial" is not a cognizable *habeas* claim, nor was "the argument that a jury, not the circuit court, should have determined the credibility of his newly-discovered evidence" a cognizable *habeas* claim because it is a challenge to the state court's interpretation of state post-conviction procedures. Id. at 9. The court allowed the petitioner to proceed with his ineffective assistance of trial counsel claim[3] and newly

---

[3] In support of Ground Two of the *habeas* petition, the petitioner stated that he "sought a new trial based on newly discovered exculpatory evidence which would have supported a complete defense. Attorney Taylor failed to investigate, prepare, and present the evidence supporting a complete defense." Dkt. No. 1 at 7. Attorney Taylor was the plaintiff's trial counsel. Id. at 13, ¶16(c). In its screening order, the court acknowledged that the petitioner complained in Ground Two that after being convicted, he'd asked the lawyer who represented him at trial to investigate new witnesses, and that that lawyer failed to do so; the court said that these allegations amounted "to a claim of ineffective assistance of post-conviction counsel (in this case, the same lawyer that represented the petitioner at trial)," and found that claim cognizable on *habeas* review. Dkt. No. 5 at 11. In his brief in opposition to the respondent's motion to dismiss, the petitioner says, "It appears that this Court, as part of it's Rule 4 screening order, misunderstood [the petitioner's] ground two argument. [The petitioner] respectfully puts this Court on notice that he is arguing against trial counsels ineffectiveness. Not post conviction counsels ineffectiveness. [The petitioner] reserves his right to amend his petition if the Court deems it necessary to do so." Dkt. No. 12 at 8 n.14. The court did not misunderstand

5

discovered evidence claim (which the court characterized as an ineffective-assistance-of-post-conviction-counsel claim). Id. at 4–5.

    C.    Respondent's Motion to Dismiss (Dkt. No. 13)

On March 23, 2023, the respondent filed the instant motion to dismiss the petition. Dkt. No. 9. The respondent argues that both of the petitioner's remaining claims are procedurally defaulted because they were resolved by the Wisconsin Court of Appeals on independent and adequate state law grounds. Dkt. No. 10 at 6. She asserts that the court of appeals relied on Allen, which the respondent says "is an adequate and independent state law ground for the denial of a defendant's federal claim." Id. at 7 (citing Lee v. Foster, 750 F.3d 687, 693–94 (7th Cir. 2014)). The respondent characterizes Allen as a "pleading rule" which requires the petitioner to "provide sufficient material facts—e.g., who, what, where, when, why, and how—that, if true, would entitle him to the relief he seeks." Id. (quoting Allen, 274 Wis. 2d at 594).

The respondent argues that the court of appeals "set forth the Allen rule" and then determined that the petitioner did not plead sufficient facts to show ineffective assistance of counsel or that the new evidence would cause a jury to have a reasonable doubt as to the petitioner's guilt. Id. at 7–8. The respondent maintains that because the circuit court denied the petitioner's new trial motion without a hearing, the only question before the court of appeals was

---

the petitioner's argument. It understands that in Ground Two, he is alleging that after he was convicted (in other words, "post-conviction"), he told the lawyer who'd represented him at trial that he'd discovered new witnesses and he asked that lawyer to investigate those new witnesses. Because the petitioner asked his trial lawyer to do this work *after* he'd been convicted, his trial counsel was, by that time, effectively his *post-conviction* counsel. The court understands that the petitioner had a separate lawyer who represented him in the motion he filed after his appeal was concluded, and that Ground Two is *not* a challenge to that lawyer's work on the petitioner's behalf. He challenges the effectiveness of his post-appeal counsel in Ground Four.

6

whether the denial of a hearing was proper—an Allen question—meaning that the court need not have explicitly invoked the rule itself. Id. at 8 (citing State v. Sholar, 381 Wis. 2d 560, 592–96 (Wis. 2018)). Because the court of appeals relied on Allen, the respondent argues that the petition is procedurally defaulted. Id.

The petitioner opposes the motion. Dkt. No. 12. He argues that a state court must make a "plain statement" of its reliance on an independent and adequate state law ground in order for a *habeas* claim for procedural default to apply. Id. at 2–3 (citing Michigan v. Long, 463 U.S. 1032, 1042 (1983)). The petitioner argues that the court of appeals did not rely on Allen, making only a "passing reference" to the rule. Id. at 7. The petitioner argues that the state court relied on federal law, namely Strickland v. Washington, 466 U.S. 668 (1984), when it determined that there was no reasonable probability that the newly discovered evidence would have changed the outcome of the trial. Id. at 8-9. The petitioner points to paragraphs 27, 30 and 35 of the state appellate court's decision to show that the court relied on the Strickland standard to deny his claims. Id. at 9.

The petitioner argues that the Strickland standard is "intertwined" with both of his claims, such that there is not an independent and adequate state ground on which the court of appeals relied. Id. at 10. The petitioner also points to the respondent's brief, where the respondent repeats the Strickland standard when stating that the court of appeals applied the Allen rule. Id. (citing Dkt. No. 10 at 7). The petitioner argues that the independence and adequacy of the Allen rule is "not clear from the face of the opinion" and that the court of appeals relied on the standards articulated in Strickland when making its decision. Id. at 11–12.

7

The respondent disagrees. Dkt. No. 13. The respondent argues that court of appeals actually invoked, and relied on, the Allen rule and explained how it applied to each of the petitioner's claims. Id. at 2. She maintains that the appellate court's decision *does* contain "plain statements" of its reliance Allen and that the procedural posture of the case (an appeal from a denial of an evidentiary hearing) meant that the court must have necessarily relied on Allen. Id. at 3. The respondent argues that the court of appeals "stated that [the petitioner] did not adequately allege deficient performance with regard to some of his claims, and that the record demonstrated he could not prove prejudice with regard to the others. The decision therefore plainly expresses reliance on the Allen rule." Id. (citing Dkt. No. 10-2 at 9–14).

The respondent contends that the petitioner's arguments ignore the procedural posture of the case; she asserts that because "an evidentiary hearing is a necessary prerequisite to appellate review of an ineffective assistance claim," the sole issue before the appellate court was whether the petitioner had sufficiently pled his claims to entitle him to an evidentiary hearing, "i.e., the *Allen* question." Id. at 4 (citing Sholar, 381 Wis. 2d at 593). She points out that the merits of ineffective assistance claims weren't presented to the appellate court and argues that the Seventh Circuit has "specifically rejected" the petitioner's argument that the "court's discussion of the 'substance' of a claim in an *Allen* posture is a 'merits' determination avoiding a default." Id. (citing Whyte v. Winkleski, 34 F.4th 617, 628 (7th Cir. 2022)). She concludes that the appellate court's decision was "necessarily based on the *Allen* rule," which means that the petitioner's claims are procedurally defaulted. Id. (citing Triplett, 996 F.3d at 829).

8

## II. Analysis

### A. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, a federal court may grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. §§2254(d)(1), (2)). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 102 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standard under § 2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

### B. Procedural Default

A *habeas* claim is procedurally defaulted if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). "Merits review of a habeas claim is foreclosed if the relevant state court's disposition of the claim rests on

9

Case 2:22-cv-01215-PP   Filed 09/20/24   Page 9 of 14   Document 16

## II. Analysis

### A. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, a federal court may grant *habeas* relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. §§2254(d)(1), (2)). "'[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams v. Taylor, 529 U.S. 362, 410 (2000)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 102 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). "The standard under § 2254(d) is 'difficult to meet' and 'highly deferential.'" Saxon v. Lashbrook, 873 F.3d 982, 987 (7th Cir. 2017) (quoting Cullen v. Pinholster, 563 U.S. 170, 181 (2011)).

### B. Procedural Default

A *habeas* claim is procedurally defaulted if the last state court that issued judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)). "Merits review of a habeas claim is foreclosed if the relevant state court's disposition of the claim rests on

9

Case 2:22-cv-01215-PP   Filed 09/20/24   Page 9 of 14   Document 16

a state law ground that is adequate and independent of the merits of the federal claim." Triplett v. McDermott, 996 F.3d 825, 829 (7th Cir. 2021). "Federal habeas courts must ascertain for themselves if the petitioner is in custody pursuant to a state court judgment that rests on independent and adequate state grounds." Coleman v. Thompson, 501 U.S. 722, 729 (1991).

A state ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." Thompkins v. Pfister, 698 F.3d 976, 986 (7th Cir. 2012). "The test to avoid procedural default in federal court is whether the state court's decision rests on the substantive claims primarily, that is, whether there is no procedural ruling that is independent of the court's decision on the merits of the claims." Holmes v. Hardy, 608 F.3d 963, 967 (7th Cir. 2010). "If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available." Ylst v. Nunnemaker, 501 U.S. 797, 801 (1991). However, "a state court that separately reaches the merits of a substantive claim may also produce an independent procedural ruling that bars federal habeas review." Holmes, 608 F.3d at 967. If the state court's procedural ruling is "primary," then it is independent. Id. As for adequacy, a state law ground is "adequate" "when it is a firmly established and regularly followed state practice at the time it is applied." Thompkins, 698 F.3d at 986. The court does not consider "whether the review by the state court was proper on the merits." Lee v. Foster, 750 F.3d 687, 694 (7th Cir. 2014).

The Allen rule requires that the petitioner's motion "raise facts sufficient to entitle the movant to relief" rather than "conclusory allegations." Allen, 274 Wis. 2d at 576. "Allen's pleading standard is an adequate and independent

state procedural rule." Whyte, 34 F.4th 617, 625 (7th Cir. 2022) (citations omitted).

The Wisconsin Court of Appeals described the petitioner's appeal as an appeal from his judgment of conviction and from the orders denying his postconviction motion and his motion for reconsideration. Dkt. No. 10-2 at ¶1. It stated, "[The petitioner] contends that he is entitled to a new trial or an evidentiary hearing based on newly discovered evidence and ineffective assistance of counsel." Id. It is true that at the beginning of its discussion of the petitioner's Ground Two ineffective assistance of counsel claim, the appellate court cited Strickland and identified the two things a defendant must prove to show ineffective assistance of counsel. Id. at ¶32. But in the next paragraph, the court explained that "a circuit court is required to hold an evidentiary hearing on an ineffective assistance of counsel claim only if the defendant 'has alleged "sufficient material facts that, if true, would entitle the defendant to relief,"' quoting Allen, 274 Wis. 2d at 576. Id. at ¶33. It concluded that the "postconviction court properly denied [the petitioner's] ineffective assistance of counsel claims without an evidentiary hearing." Id. at ¶34. In other words, the appellate court concluded that the petitioner's postconviction motion did not "raise facts sufficient to entitle" him to an evidentiary hearing. The court stated that "[the petitioner] failed to explain *in his postconviction motion or his motion for reconsideration* how trial counsel would have known" of the alleged newly discovered witnesses, again citing Allen. Id. (emphasis added). Again, the appellate court concluded that the petitioner's post-conviction motion did not "raise facts sufficient to entitle" the petitioner to the relief he requested (an evidentiary hearing or new trial). Although the court *did* discuss the petitioner's failure to establish prejudice under Strickland, it did so

11

in the context of concluding that the postconviction motion did not "raise facts sufficient to entitle" the petitioner to relief. Id. at ¶¶34–35.

The facts in this case are similar to the facts the Seventh Circuit considered in Whyte, 34 F.4th at 626. In Whyte, the Seventh Circuit held that the state court's discussion of the merits of the petitioner's ineffective assistance of counsel claim did not override the state court's reliance on the Allen rule in disposing of the petitioner's claim. Id. ("Even if the court also rejected Whyte's claim as meritless, our review is foreclosed when adequate and independent state law grounds are sufficient to resolve the dispute."). Here, the court of appeals found that the petitioner's pleadings did not "raise facts sufficient" to establish prejudice. Dkt. No. 10-2 at ¶34. Because the court of appeals clearly relied on Allen in rejecting the petitioner's ineffective assistance of counsel claims, the petitioner has procedurally defaulted on those claims.

C.   Cause and Prejudice

When a petitioner's claims are procedurally defaulted, the court must consider whether to excuse that default. Coleman, 501 U.S. at 750. The petitioner must show either (1) cause for the default and resulting prejudice or (2) that the failure to consider the federal claim will result in a fundamental miscarriage of justice. Id. (citations omitted). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the state's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). "Prejudice means an error which so infected the entire trial that the resulting conviction violates due process." Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Smith v. McKee, 598 F.3d 374, 382 (7th Cir.

12

2010)). To show that a miscarriage of justice will occur if the court were to deny *habeas* relief, a petitioner must show that he is actually innocent of the offenses of which he was convicted. Hicks v. Hepp, 871 F.3d 513, 531 (7th Cir. 2017). A petitioner asserting actual innocence "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt.'" House v. Bell, 547 U.S. 518, 536–37 (2006) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

The petitioner has not argued that cause and prejudice exist, nor can the court find cause or prejudice to excuse the petitioner's procedural default. The petitioner has not asserted that "some objective factor external to the defense" impeded his counsel's efforts to comply with Allen, Murray, 477 U.S. at 488, nor has he alleged that an error "so infected the entire trial that the resulting conviction violates due process," Weddington, 721 F.3d at 465. The petitioner has not argued for, or presented evidence of, actual innocence. The court will dismiss the petitioner's ineffective assistance of counsel claims as procedurally defaulted.

## III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 494 (2000) (internal quotations omitted). The court declines to issue a certificate of

13

Case 2:22-cv-01215-PP   Filed 09/20/24   Page 13 of 14   Document 16

appealability because it concludes that no reasonable jurist could debate that the petitioner's petition should be dismissed as procedurally defaulted.

## IV. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Christine Suter is the correct respondent.

The court **GRANTS** the respondent's motion to dismiss. Dkt. No. 9.

The court **ORDERS** that the petition for writ of *habeas corpus* is **DISMISSED** as procedurally defaulted. The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 20th day of September, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**